# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2914 | **DATE** | June 2, 2008 |
| **CASE TITLE** | Javier Bailey (#K-52482) vs. Robert Janiga, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. The plaintiff must pay the full statutory filing fee of $350 within fifteen days of the date of this order. Failure to pay the $350 filing fee within fifteen days will result in summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

    The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. However, a review of the court's docket reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

    The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    At least four of Mr. Bailey's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Bailey v. Janiga*, No. 07 C 4968 (N.D. Ill.) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on Sept. 13, 2007) (Darrah J.); *DeMar-Bailey v. L.G.B. Communications*, No. 05 C 4598 (N.D. Ill.) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on Aug. 25, 2005) (Gottschall, J); *DeMar-Bailey v. L.G.B. Communications*, No. 05 C 4149 (N.D. Ill.) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on Aug. 2, 2005) (Der-Yeghiayan, J.); and *Bailey v. Fry*, No. 08 C 2894 (N.D. Ill.) (dismissed pursuant to 28 U.S.C. § 1915A(a) for failure to state a claim on May 21, 2008) (Shadur, J.).

**(CONTINUED)**

mjm

**STATEMENT**

The plaintiff's current complaint, in which he alleges that he was denied a timely preliminary hearing following his arrest, does not involve imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

For the foregoing reasons, the court therefore denies the plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If the plaintiff fails to pay the $350 filing fee within fifteen days, the court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).